1  Karen Luh (SBN 243256)
   Karen.Luh@jacksonlewis.com
2  JACKSON LEWIS P.C.
   725 South Figueroa Street, Suite 2500
3  Los Angeles, California  90017-5408
   Telephone:  (213) 689-0404
4  Facsimile:  (213) 689-0430

5  Attorneys for Defendant
   HEARST MEDIA PRODUCTION GROUP, LLC

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| MARK RAINS, <br><br> Plaintiff, <br><br> vs. <br><br> HEARST MEDIA PRODUCTION GROUP, LLC, and DOES 1-100, <br><br> Defendants. | Case No.   2:23-cv-1432 <br><br> **DEFENDANT HEARST MEDIA PRODUCTION GROUP, LLC'S NOTICE OF REMOVAL** <br><br> (Removed from Los Angeles Superior Court Case No. 23BBCV00147) <br><br> (Diversity Jurisdiction: 28 U.S.C. §§ 1332, 1441, and 1446) <br><br> [Declarations of Karen Luh and Chris Matthews, Certificate of Interested Parties and Corporate Disclosure Statement Pursuant to FRCP 7.1 and Local Rule 7.1-1, and Civil Cover Sheet, filed concurrently herewith] |
|---|---|

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF MARK RAINS AND HIS COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT, on this date, based on the allegations of the Complaint of Plaintiff Mark Rains ("Plaintiff"), Defendant Hearst Media Production Group, LLC ("Defendant") hereby removes the above-entitled action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California pursuant to 28 U.S.C. Sections 1332(a) and 1441. The removal of this action terminated all proceedings in the Los Angeles Superior Court. See 28 U.S.C. § 1446(d). Defendant's removal of this action is proper for the reasons set forth below.

1. On or about January 23, 2023, Plaintiff filed a Complaint entitled *Mark Rains v. Hearst Media Production Group, LLC and DOES 1 through 50*, Case No. 23BBCV00147, in the Superior Court of the State of California for the County of Los Angeles (the "State Court Action").

2. Plaintiff's Complaint alleges the following causes of action against Defendant: (1) Religion Discrimination in Violation of Government Code § 12940 et seq.; (2) Retaliation in Violation of Government Code § 12940, subd. (h); (3) Failure to Prevent Harassment and Discrimination in Violation of Code § 12940, subd. (k); (4) Wrongful Termination in Violation of Public Policy; (5) Intentional Infliction of Emotional Distress; (6) Negligent Hiring, Supervision, and Retention; and (7) Unfair Business Practices in Violation of California Business & Professions Code § 17200.

3. <u>Copies of All Process, Pleadings and Orders:</u> Pursuant to 28 U.S.C. Section 1446(a), copies of all process, pleadings, orders and other papers or exhibits of every kind available to Defendant are attached here, as follows:

- **Exhibit 1:** Summons filed by Plaintiff on January 23, 2023. On January 25, 2023, such Summons was served on Defendant through its agent for service of process.

- **Exhibit 2:** Civil Case Cover Sheet filed by Plaintiff on January 23, 2023. On January 25, 2023, such Civil Case Cover Sheet was served on Defendant through its agent for service of process..

- **Exhibit 3:** Complaint filed by Plaintiff on January 23, 2023. On January 25, 2023, such Complaint was served on Defendant through its agent for service of process.

- **Exhibit 4:** Notice of Case Assignment – Unlimited Civil Case filed on January 23, 2023. On January 25, 2023, such Notice of Case Assignment was served on Defendant through its agent for service of process.

- **Exhibit 5:** Proof of Service of Summons, filed by Plaintiff on January 30, 2023. The Proof of Service of Summons was downloaded from the state court's website in the State Court Action.

- **Exhibit 6:** Answer filed and served by Defendant on Plaintiff's counsel, on February 24, 2023.

*See* Declaration of Karen Luh, dated February 24, 2023 ("Luh Decl.") at ¶¶ 2-8.

4.  Removing Defendant is informed and believes, and thereon alleges, no "Doe" defendants have been served with a Summons and/or the Complaint in the State Court Action. *See* Luh Decl., at ¶ 8. Accordingly, this action may be removed by Defendant to federal court pursuant to 28 U.S.C. Section 1441.

## **Removal Is Timely**

5.  This Notice of Removal is being filed within thirty (30) days after Defendant was first deemed served with a copy of Plaintiff's Summons and Complaint in the State Court Action. *See Murphy Bros., Inc. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 353 (1999) (actual service of process is the official trigger for responsive action by a named defendant, as opposed to receipt of complaint through other means). This Notice of Removal is therefore filed timely within the time period provided by 28 U.S.C. Section 1446(b).

**Removal Pursuant to Diversity Jurisdiction**

6. This Court has original jurisdiction of this action under 28 U.S.C. Section 1332. This action may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. Section 1441(b) because it is a civil action between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs. Complete diversity of citizenship exists, as described below:

7. <u>Plaintiff's Citizenship</u>. In the Ninth Circuit, the determination of an individual's citizenship involves a number of factors, including the individual's "current residence" and "place of employment." *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986); *Martinez v. Michaels*, No. CV 15-02104 MMM, 2015 WL 4337059, at *4 (C.D. Cal. July 15, 2015) (citizenship requirement satisfied where plaintiff "currently live[d] in California and worked for [defendant] in California from 2006 until his termination"); *Christ v. Staples, Inc.*, No. CV 14-07784 MMM, 2015 WL 248075, at *3-4 (C.D. Cal. Jan. 20, 2015) (citizenship requirement satisfied where, inter alia, plaintiff "lived and worked in California for approximately fifteen years."); *Carmax Auto Superstores Cal. LLC v. Hernandez*, 94 F. Supp.3d 1078, 1091 n.38 (C.D. Cal. 2015) ("Allegations that a party has an extensive and continuous period of residence and employment in a state are sufficient to establish that the party is a citizen of the state.").

8. Plaintiff alleges in the State Court Action that he was employed by Defendant between November 9, 2015 and November 19, 2021 and was entitled to wages under California law. *See* Complaint, ¶¶ 1, 4, 5, 14.

9. Furthermore, Plaintiff has worked at Defendant's Burbank, California location for over six years. His dates of employment were from November 9, 2015 to November 19, 2021. Declaration of Chris Matthews, dated February 24, 2023 ("Matthews Decl.") at ¶ 7.

10. The most recent address in Plaintiff's employment file is in Simi Valley, California. Matthews Decl. at ¶ 8.

11.     Based on Plaintiff's stated residence and his length of employment at Defendant's Burbank, California location, Plaintiff is a citizen of California.

12.     Moreover, Plaintiff filed the instant Complaint in the Superior Court of the State of California in Los Angeles County, further availing himself to California's judicial resources and indicating his intent to remain in California. *See* Complaint, *in passim*.

13.     <u>Defendant's Citizenship</u>. A limited liability company is a citizen of every state of which its members are citizens. *See, e.g.*, *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("We . . . join our sister circuits and hold that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens."). For diversity analysis, it is not relevant where an LLC is incorporated or where it has its principal place of business. *See, e.g.*, *Alatorre v. Wastequip Mfg. Co., LLC*, 2012 WL 6628955, at *4 (E.D. Cal. December 19, 2012) ("LLC's citizenship is . . . determined not by reference to its principal place of business and state of incorporation . . . but by citizenship of its owners and members.").

14.     For purposes of removal, diversity of citizenship is determined at the time the action is filed and at the time of removal. *Strotek Corp. v. Air Transport Ass'n of America*, 300 F.3d 1129, 1131-32 (9th Cir. 2002).

15.     Defendant was at the time of filing of this action, and is now, a limited liability company organized under the laws of the State of Delaware. Matthews Decl. at ¶ 3. The sole member of Hearst Media Production Group, LLC is Hearst Stations Inc., a Nevada corporation with its principal place of business in New York. *Id.*

16.     Accordingly, for purposes of determining diversity, Defendant, whose company and sole member are organized under the laws of Delaware and Nevada, respectively, and of which the member corporation has its principal place of business in New York, is regarded as a citizen of Delaware, Nevada, and New York.

17.     The fictitious defendants named in the Complaint as DOES 1 through 50 are disregarded for the purposes of removal, in accordance with 28 U.S.C. Section 1441(a).

**DEFENDANT HEARST MEDIA PRODUCTION GROUP, LLC'S NOTICE OF REMOVAL**

18. Therefore, Plaintiff and Defendant are citizens of different States.

19. <u>Amount in Controversy</u>. In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp.2d 993, 1001 (C.D. Cal. 2002). The Court must consider all recoverable damages, including liquidated damages, punitive damages, and attorneys' fees authorized by statute. *See Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).

20. The standard for determining whether Defendant meets its burden of establishing the amount in controversy is the preponderance of the evidence. *Cagle v. C&S Wholesale Grocers, Inc.*, 2014 WL 651923, at *5 (E.D. Cal. Feb. 19, 2014). Under this standard, "the removing party's burden is 'not daunting,' and defendants are not obligated to 'research, state, and prove the plaintiff's claims for damages.'" *Behrazfar v. Unisys Corp.*, 687 F. Supp.2d 999, 1004 (C.D. Cal. 2009) (quoting *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp.2d 1199, 1204-05 (E.D. Cal. 2008)). When a "[d]efendant's calculations [are] relatively conservative, made in good faith, and based on evidence wherever possible," the court may find that the "[d]efendant has established by a preponderance of the evidence that the amount in controversy" is met. *Id.* (internal citations omitted).

21. Defendant's notice of removal only needs to include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *See*, *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 549 (2014).

22. Without admitting the validity of Plaintiff's five (5) causes of action (all of which are expressly denied by Defendant), the amount in controversy is in excess of $75,000, exclusive of interest and costs. Defendant meets its burden for all the reasons set forth below.

23. <u>Economic Damages</u>. Plaintiff seeks economic damages, including lost wages and benefits, and other compensatory damages. *See* Complaint, ¶¶ 29, 36, 41, 48, 52, 56,

65, 72, Prayer, ¶ 1. Prevailing plaintiffs in an employment termination cases are generally entitled to past and future loss of earnings. *Villacorta v. Cemex Cement, Inc.*, 221 Cal. App. 4th 1425, 1432 (2013); se*e also Wysinger v. Automobile Club of Southern California*, 157 Cal. App. 4th 413, 427 (2007) ("Under FEHA, an employee . . . may be compensated for a future loss of earnings."). Both past and future loss of earnings are considered for purposes of calculating the amount of controversy, even though the amount of controversy is assessed at "the time of removal." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) ("…[T]here is no question that future wages are 'at stake' in the litigation, whatever the likelihood that [Plaintiff] will actually recover them.").

24. Plaintiff's last annual salary with Defendant was $252,000.00 (or approximately $4,846.15 per week). Matthews Decl. at ¶ 6. Plaintiff filed the instant Action on January 23, 2023 related to his termination of employment on or about November 19, 2021. *See*, e.g., Complaint, ¶¶ 1, 4, 5, 14. From the date of Plaintiff's termination to the projected trial date (conservatively estimated at one year from the date Plaintiff filed his Complaint), approximately 118 weeks will have transpired. Based on his earnings, Plaintiff potentially could recover approximately be at least $571,845.70 for lost wages during this time period. Further, if Plaintiff prevails, he would also be entitled to front pay, which courts typically award for one (1) to three (3) years.

25. Accordingly, Plaintiff's requested compensatory damages alone well exceed the amount in controversy requirement of $75,000.

26. <u>Statutory Penalties</u>. Plaintiff also seeks penalties. *See* Complaint, ¶¶ 40, 85, 86, Prayer, ¶ 5. When the complaint alleges a cause of action carrying a penalty set by statute, the court should consider the full amount of the penalty as part of the amount in controversy, without regard to whether the plaintiff may ultimately be awarded a lesser amount. *Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp. 2d 1199, 1205 (E.D. Cal. 2008). Plaintiff alleges he is owed civil penalties in the amounts of $25,000.00 and pursuant to violations under Government Code § 12965 (d). *Id.*

27. <u>Attorneys' Fees</u>. Plaintiff also seek attorneys' fees. *See* Complaint, ¶¶ 30, 41, 52, 59, 73, 82, 87, Prayer, ¶ 4. The amount in controversy may include attorneys' fees that are recoverable by statute. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy"); *Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp. 2d 1004, 1010-1011 (N.D. Cal. 2002) ("Where the law entitles the prevailing plaintiff to recover reasonable attorney fees, a reasonable estimate of fees likely to be incurred through resolution is part of the benefit permissibly sought by the plaintiff and thus contributes to the amount in controversy."). The Court may examine the nature of the action and the relief sought and take judicial notice of attorney's fee awards in similar cases. *See* e.g., *Simmons v. PCR Technology* (2002) 209 F.Supp.2d 1029, 1035 (attorneys' fees in individual employment discrimination cases often exceed damages). Indeed, cases in the Ninth Circuit firmly establish that statutory attorneys' fees will be included as a basis for determining the jurisdictional amount in controversy. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018); *Galt G/S*, 142 F.3d at 1155-56. Further, such fees are calculable beyond the time of removal. *Simmons, supra*, 209 F.Supp.2d at 1035.

28. Although Plaintiff seeks an unspecified amount of attorneys' fees, such fees may be taken into account to determine jurisdictional amounts. *Goldberg v. C.P.C. International, Inc.* (9th Cir. 1982) 678 F.2d 1365, 1367; *Galt G/S v. JSS Scandinavia* (9th Cir. 1998)142 F.3d 1150, 1155-1156; *Guglielmino v. McKee Foods Corp.* (9th Cir. 2007) 506 F.3d 696, 700 ("[w]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy"); *Simmons v. PCR Tech.* (N.D. Cal. 2002) 209 F. Supp. 2d 1029, 1035. "Where the law entitles the prevailing plaintiff to recover reasonable attorney fees, a reasonable estimate of fees likely to be incurred to resolution is part of the benefit permissibly sought by the plaintiff and thus contributes to the amount in controversy."

**DEFENDANT HEARST MEDIA PRODUCTION GROUP, LLC'S NOTICE OF REMOVAL**

*Brady v. Mercedes-Benz USA, Inc.* (N.D. Cal. 2002) 243 F. Supp 2d 1004, 1011; *Celestino v. Renal Advantage, Inc.* (N.D. Cal. 2007) 2007 U.S. Dist. LEXIS 33827, *11 ("the amount in controversy includes not only damages accrued up to the time of removal, but also a reasonable assessment of damages likely to be accrued after the time of removal").

29. Here, counsel for Defendant reasonably estimates that Plaintiff's attorneys' alone will exceed the sum of $75,000 through trial. See Luh Decl. at ¶ 9. Defendant's attorney, Karen Luh, has represented employers in employment litigation for over sixteen years in California and is familiar with fees awarded to plaintiff's counsel in similar actions filed in California and federal court. *Id*. Based on Ms. Luh's experience and Plaintiff's allegations, it would be reasonable to expect that attorney's fees alone in this case will exceed the sum of $75,000 through trial. *Id*.

30. <u>Emotional Distress and General, Non-Economic Damages</u>. Plaintiff also alleges emotional distress and seeks general, non-economic damages in this action. *See* Complaint, ¶¶ 30, 37, 49, 57, 62-65, 73, Prayer, ¶ 2. General damages (i.e., damages for emotional distress) are included in the amount in controversy. *Simmons, supra*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002). Assuming *arguendo*, that Plaintiff's general damages are a fraction of her loss of past and future earnings damages, this be at least $252,000, based on his last annual rate, not including in general damages by the time of trial.

31. <u>Punitive Damages</u>. Punitive damages also are included in calculating the amount in controversy. *Davenport v. Mutual Ben. Health & Acc. Ass'n* 325 F.2d 785, 787 (9th Cir. 1963); s*ee also Aucina v. Amoco Oil Co.* 871 F. Supp. 332, 334 (S.D. 1994). In *Aucina*, the defendant-employer established the amount in controversy exceeded the jurisdictional minimum where the former employee asserted claims for lost wages, lost benefits, mental anguish, and punitive damages. The court noted that "[b]ecause the purpose of punitive damages is to capture a defendant's attention and deter others from

similar conduct" the plaintiff's claim for punitive damages 'might alone' exceed the jurisdictional minimum." *Aucina*, 871 F.Supp. at 334.

32. Based upon the foregoing, the amount in controversy in this matter far exceeds the jurisdictional minimum of $75,000. Accordingly, this action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and which may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441 based on diversity jurisdiction.

## **Venue**

33. Removal to this Court is proper under 28 U.S.C. Section 1441 because the Complaint was filed in the Superior Court of the State of California for the County of Los Angeles, and this U.S. District Court for the Central District of California Western Division is the U.S. District Court for the district and division within which this action is pending.

34. A copy of this Notice of Removal will be filed with the Superior Court of the State of California for the County of Los Angeles and served upon all adverse parties as required by 28 U.S.C. Section 1446(d), and an appropriate notice of compliance with 28 U.S.C. Section 1446(d) also shall be served and filed in the above-entitled Court.

WHEREFORE, Defendant Hearst Media Production Group, LLC respectfully requests that this action be removed from the Superior Court of the State of California for the County of Los Angeles, to the above-entitled Court.

DATED: February 24, 2023         JACKSON LEWIS P.C.

By: /s/ Karen Luh
Karen Luh

Attorneys for Defendant
HEARST MEDIA PRODUCTION GROUP, LLC

4893-2956-6034, v. 2