Karen Luh (SBN 243256)
Karen.Luh@jacksonlewis.com
JACKSON LEWIS P.C.
725 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5408
Telephone: (213) 689-0404
Facsimile: (213) 689-0430

Attorneys for Defendant
HEARST MEDIA PRODUCTION GROUP, LLC

## IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK RAINS<br><br>            Plaintiff,<br><br>    vs.<br><br>HEARST    MEDIA    PRODUCTION GROUP, LLC, and DOES 1-100,<br><br>            Defendants. | Case No.   2:23-cv-1432<br><br>**DECLARATION OF KAREN LUH IN SUPPORT OF DEFENDANT HEARST MEDIA PRODUCTION GROUP, LLC'S REMOVAL**<br><br>(Removed from Los Angeles Superior Court Case No. 23BBCV00147)<br><br>(Diversity Jurisdiction: 28 U.S.C. §§ 1332, 1441, and 1446)<br><br>[Notice of Removal, Declaration of Chris Matthew, Certificate of Interested Parties and Corporate Disclosure Statement Pursuant to FRCP 7.1 and Local Rule 7.1-1, and Civil Cover Sheet, filed concurrently herewith] |

**DECLARATION OF KAREN LUH IN SUPPORT OF DEFENDANT HEARST MEDIA PRODUCTION GROUP, LLC'S REMOVAL**

## DECLARATION OF KAREN LUH

I, KAREN LUH, declare as follows:

1.      I am an attorney at law duly licensed to practice law in the State of California and before this Court. I am of counsel with the law firm of Jackson Lewis P.C., counsel of record for Hearst Media Production Group, LLC ("Defendant"). I make the following declaration based on personal knowledge, unless otherwise stated, and on my review of and familiarity with Defendant's files and documents in the above-captioned matter. If called as a witness, I could and would competently testify to the facts contained herein.  I submit this declaration in support of Defendant's Notice of Removal to the United States District Court for the Central District of California.

2.      Attached hereto as **Exhibit 1** is a true and correct copy of the Summons filed by Plaintiff Mark Rains in the case entitled *Mark Rains v. Hearst Media Production Group, LLC and  DOES 1 through 50,* on January 23, 2023 in the Superior Court of the State of California, County of Los Angeles ("State Court Action"). On January 25, 2023, such Summons was served on Defendant through its agent for service of process.

3.      Attached hereto as **Exhibit 2** is a true and correct copy of the Civil Case Cover Sheet filed by Plaintiff in the State Court Action on January 23, 2023. On January 25, 2023, such Summons was served on Defendant through its agent for service of process.

4.      Attached hereto as **Exhibit 3** is a true and correct copy of the Complaint filed by Plaintiff in the State Court Action on January 23, 2023. On January 25, 2023, such Summons was served on Defendant through its agent for service of process.

5.      Attached hereto as **Exhibit 4** is a true and correct copy of the Notice of Case Assignment – Unlimited Civil Case filed in the State Court Action on January 23, 2023. On January 25, 2023, such Summons was served on Defendant through its agent for service of process.

**DECLARATION OF KAREN LUH IN SUPPORT OF DEFENDANT HEARST MEDIA PRODUCTION GROUP, LLC'S REMOVAL**

6.      Attached hereto as **Exhibit 5** is a true and correct copy of the Proof of Service of Summons, filed by Plaintiff on January 30, 2023. The Proof of Service of Summons was downloaded from the state court's website in the State Court Action.

7.      Attached hereto as **Exhibit 6** is the Answer filed by Defendant in the State Court Action and served by Defendant on Plaintiff's counsel on February 24, 2023.

8.      To the best of my knowledge, no "Doe" defendants have been served with the Summons and Complaint in the State Court Action.

9.      I have been admitted to practice law in California since 2006. I have represented employers in employment litigation for sixteen years. Based on my experience as an attorney and practicing employment law, and the causes of action alleged in this lawsuit, I estimate that Plaintiff's counsel's fees will exceed $75,000 through trial.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 24th day of February, 2023, at Los Angeles, California.


                                          /s/ Karen Luh
                                    _____
                                          Karen Luh

4864-3334-4850, v. 1

**DECLARATION OF KAREN LUH IN SUPPORT OF DEFENDANT HEARST MEDIA PRODUCTION GROUP, LLC'S REMOVAL**

# EXHIBIT 1

Electronically FILED by Superior Court of California, County of Los Angeles on 01/23/2023 02:50 PM David W. Slayton, Executive Officer/Clerk of Court, by D. Camacho,Deputy Clerk

Case 2:23-cv-01432-GW-MAA     Document 1-1     Filed 02/24/23     Page 5 of 51     Page ID
#:15

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

| | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

HEARST MEDIA PRODUCTION GROUP, LLC, and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MARK RAINS,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*  Burbank Courthouse<br><br>300 East Olive<br>Burbank, CA 91502 | **CASE NUMBER:**<br>*(Número del Caso):*<br>23BBCV00147 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Raleigh Dixon, Mahoney Law Group, 249 E. Ocean Blvd., Ste. 814, Long Beach, CA 90802. 562-590-5550

| DATE:<br>*(Fecha)* 01/23/2023 | David W. Slayton, Executive Officer/Clerk of Court | Clerk, by<br>*(Secretario)* D. Camacho | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

      ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |

EXHIBIT 2

Electronically FILED by Superior Court of California, County of Los Angeles on 01/23/2023 02:50 PM David W. Slayton, Executive Officer/Clerk of Court, by D. Camacho,Deputy Clerk

Case 2:23-cv-01432-GW-MAA   Document 1-1   Filed 02/24/23   Page 7 of 51   Page ID #:17

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Kevin Mahoney (SBN: 235367)/Raleigh Dixon (SBN: 340483)
MAHONEY LAW GROUP, APC
249 E. Ocean Boulevard, Suite 814
Long Beach, CA 90802
TELEPHONE NO.: 562-590-5550    FAX NO.: 562-590-8400
ATTORNEY FOR *(Name):* Plaintiff Mark Rains

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 300 East Olive
MAILING ADDRESS: 300 East Olive
CITY AND ZIP CODE: Burbank, CA 91502
BRANCH NAME: Burbank Courthouse

CASE NAME:
Rains v. Hearst Media Production Group

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | | CASE NUMBER: |
|---|---|---|---|---|
| ✓ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 23BBCV00147 |
| | | | | JUDGE: |
| | | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
✓ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is  ✓ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ✓ monetary  b. ✓ nonmonetary; declaratory or injunctive relief  c. ✓ punitive
4. Number of causes of action *(specify):* 5
5. This case ☐ is  ✓ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 23, 2023
Raleigh Dixon
(TYPE OR PRINT NAME)        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courtinfo.ca.gov*

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
  Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment (*non-domestic relations*)
  Sister State Judgment
  Administrative Agency Award (*not unpaid taxes*)
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-harassment*)
  Mechanics Lien
  Other Commercial Complaint Case (*non-tort/non-complex*)
  Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE: Rains v. Hearst Media Production Group | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br><br>1, 4, 11<br>1, 4, 11 |

LASC CIV 109 Rev. 12/18

For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3

Page 1 of 4

| SHORT TITLE: Rains v. Hearst Media Production Group | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case | 1, 2, ③ |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Rains v. Hearst Media Production Group | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: Rains v. Hearst Media Production Group | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address**: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: | ADDRESS: |
|---|---|
| ☐ 1. ☐ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | 824 N. Victory Blvd. |

| CITY: | STATE: | ZIP CODE: |
|---|---|---|
| Burbank | CA | 91502 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the _North Central_ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: _January 23, 2023_

_(signature)_

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet, Judicial Council form CM-010.

4.  Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5.  Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6.  A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3

Page 4 of 4

EXHIBIT 3

Electronically FILED by Superior Court of California, County of Los Angeles on 01/23/2023 02:50 PM David W. Slayton, Executive Officer/Clerk of Court, by D. Camacho Deputy Clerk

Case 2:23-cv-01432-GW-MAA    Document 1    Filed 02/24/23    Page 14 of 51    Page ID #:24

23BBCV00147

Assigned for all purposes to: Burbank Courthouse, Judicial Officer: John Kralik

1  Kevin Mahoney (SBN: 235367)
   kmahoney@mahoney-law.net
2  Raleigh Dixon (SBN: 340483)
   rdixon@mahoney-law.net
3  **MAHONEY LAW GROUP, APC**
   249 East Ocean Boulevard, Suite 814
4  Long Beach, CA 90802
   Telephone: (562) 590-5550
5  Facsimile: (562) 590-8400
6
7  Attorney for Plaintiff MARK RAINS
8
              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
9
                 **FOR THE COUNTY OF LOS ANGELES**
10
11  MARK RAINS,                          Case No.:  23BBCV00147
12              Plaintiff,               **COMPLAINT FOR DAMAGES**
13      vs.                              1.  Religious Discrimination in Violation of
                                             Government Code § 12940 et seq.
14  HEARST MEDIA PRODUCTION GROUP,       2.  Retaliation in Violation of Government
15  LLC, and DOES 1 through 50, inclusive,   Code § 12940, subd. (h);
                                         3.  Failure to Prevent Harassment and
16              Defendants.                  Discrimination in Violation of Code
                                             § 12940, subd. (k);
17                                       4.  Wrongful Termination in Violation of
                                             Public Policy; and
18                                       5.  Intentional Infliction of Emotional Distress
19
20                                       **DEMAND FOR JURY TRIAL**
21
22
23
24
25
26
27
28

                                  1

Plaintiff MARK RAINS ("Plaintiff") hereby respectfully complains and alleges on information and belief as follows:

## INTRODUCTION

1.      Plaintiff brings this action against his former employer, Defendant HEARST MEDIA PRODUCTION GROUP, LLC. ("Defendant"), a Delaware limited liability company, and DOES 1 through 50, inclusive, for damages arising out of Defendant's violations of the of the Fair Employment Housing Act ("FEHA"). Specifically, Plaintiff asserts the following causes of action against Defendant: (1) Religious Discrimination, (2) Retaliation, (3) Failure to Prevent Harassment and Discrimination, (4) Wrongful Termination, (5) intentional infliction of emotion distress; (6) negligent hiring, supervision, and retention; and (7) unfair business practices.

## JURISDICTION AND VENUE

2.      Jurisdiction is proper in this Court by virtue of the California statutes, decisional law, and regulations, and the local rules under the Los Angeles County Superior Court rules, including, but not limited to, the rules governing the proper court in which to file an action for an unlimited civil action.

3.      Venue in this Court is proper in that the facts and circumstances giving rise to the causes of action herein alleged took place at Defendant's business address located in the County of Los Angeles, State of California.

## PARTIES

**Plaintiff**

4.      Plaintiff was employed by Defendant from in or around November 9, 2015 through November 19, 2021 (the "Relevant Employment Period), as an executive in charge of production.

**Defendant**

5.      Defendant HEARST MEDIA PRODUCTION GROUP, LLC is a Delaware limited liability company, and was Plaintiff's former employer during the Relevant Employment Period. During the Relevant Employment Period, Defendant had at five (5) employees. On information and belief, and based thereon, Plaintiff alleges that Defendant is conducting business in good standing in County of Los Angeles the state of California.

6.      Plaintiff is not aware of the true names and/or capacities of those entities or individuals sued herein as DOES 1 through 50, inclusive, and therefore sues these Defendant by their fictitious names. Plaintiff is informed and believes, and based thereon alleges, that the fictitiously named Defendant were the agents, servants and employees of each of the named Defendant and, in doing the acts and things alleged, were at all times acting within the course and scope of that agency, servitude, and employment and with the permission, consent, and approval, or subsequent ratification, of each of the named Defendants.  References to "Defendants" include the named Defendant and the DOE Defendants.  Plaintiff will seek leave of this court to amend this Complaint to insert their true names and/or capacities when the same are ascertained.

7.      Plaintiff is informed and believes and based thereon alleges, that at all material times, each of the Defendant were the agents and/or employees of each of the remaining Defendants, and each of them were at all material times acting within the purpose and scope of such agency and employment.

8.      Plaintiff is informed and believes, and based thereon alleges, that at all material times, one or more of each named and/or unnamed Defendant were in some fashion, by contract or otherwise, the predecessors, affiliates, alter egos, assigns, joint venturers, co-venturers or partners of one or more of the remaining named and/or unnamed Defendants, and as hereinafter alleged, was acting within that capacity.

9.      Plaintiff is further informed, and believes, and on that basis alleges, that one or more of the remaining named and/or unnamed Defendant are the successors of one or more of the remaining named and/or unnamed Defendants. Such successors are liable for the occurrences, damages and injuries alleged herein to the same extent its predecessors are liable for the alleged occurrences, damages and injuries.

10.      Plaintiff alleges that Defendant acted as the employers and/or joint employers of Plaintiff, and that they shared control of Plaintiff as an employee, either directly or indirectly. This control included, but was not limited to, the authority to hire and fire, assign work tasks, engage in day-to-day supervision of employees, and control over employee records.

/-/-/

11.     Plaintiff alleges that Defendant were the alter-egos of one or more of the remaining named and/or unnamed Defendants, and as hereinafter alleged, was acting for their own benefit and/or the benefit of one or more of the remaining named and/or unnamed Defendants.  Plaintiff alleges that Defendant were acting on behalf of each other in the establishment of, ratification of, and/or execution of the illegal practices and policies as set forth in this pleading.  Plaintiff is further informed and believes, and thereon alleges that all times relevant hereto Defendant had decision–making responsibility for, and establishment and execution of, illegal practices and policies for each other and are, therefore, liable on the causes of action herein.

## ADMINISTRATIVE PREREQUISITE

12.     At all times relevant, Defendant regularly employed five (5) or more persons, bringing Defendant within the provisions of Government Code section 12900, et seq., prohibiting employers or their agents from discriminating against or harassing its employees, or from allowing and fostering an environment where fellow employees could harass or discriminate against other employees with impunity.

13.     Plaintiff has exhausted his administrative remedies by timely filing a complaint of discrimination and harassment concerning the claims alleged herein with the California Department of Fair Employment and Housing ("DFEH"). The DFEH issued its Right-To-Sue Notice on June 17, 2022, authorizing this lawsuit.  Plaintiff has, therefore, exhausted his administrative remedies and timely filed this action within the prescribed period subject to the issuance of the Right-To-Sue. Exhibit A is a true and correct copy of DFEH's June 17, 2022 letter, which is incorporated by reference herein.

## FACTS COMMON TO ALL CAUSES OF ACTION

14.     Plaintiff began working for Defendant as an executive in charge of production on or around November 9, 2015 until his termination on or around November 19, 2021. Plaintiff's responsibilities consisted of running all production, managing staff and crew, managing budgets, approving payroll and invoices, and managing departments.

15.     In or around the beginning of October 2021, Defendant issued a vaccine mandate to all employees. Plaintiff was informed that he could submit a religious exemption for the vaccine

to the vice president of human resources, Kristen Hansen ("Ms. Hansen"). On or around October 12, 2021, Plaintiff submitted his religious exemption based on his sincerely held belief. On or around October 21, 2021, Ms. Hansen and Plaintiff had a phone interview regarding Plaintiff's religious exemption form during which Plaintiff was questioned about his religious beliefs and political opinions.

16.    On or around November 5, 2021, Plaintiff received a rejection letter for his religious exemption denying him all accommodations and that his "employment will cease as of 11/19/21" if he did not get vaccinated by November 19, 2021. The letter also stated that accommodating his request would pose an undue hardship on the company, despite the fact that Defendant had allowed all employees to work from home, get tested if they had to go on site, and wear masks for the preceding two years. The letter also falsely claimed that paying for Plaintiff's testing would cause the company financial hardship, that Plaintiff could not adequately perform his job duties from home, and that he was a health risk to the company.

17.    Plaintiff continued to email Ms. Hansen questions regarding the determination to obtain clarification on the decision and details about the hardship that would be on Defendant. Plaintiff asked Ms. Hansen why they were not engaging in a mutual conversation about "accommodating" his religious exemption and pointed out that the reasons she gave him for the denial were not correct at all. However, Ms. Hansen restated the denial of his exemption and that his case had been reviewed, but the decision was final. Ms. Hansen eventually stopped replying to Plaintiff.

18.    Accordingly, Defendant's decision to terminate Plaintiff following his notice of religious exemption evidences a pretext and that his termination was the result of requesting an accommodation based on his religious belief. As such, Defendant discriminated, retaliated, and wrongfully terminated Plaintiff.

/-/-/

/-/-/

/-/-/

/-/-/

COMPLAINT FOR DAMAGES

## FIRST CAUSE OF ACTION

**Religious Discrimination in Violation of Gov. Code § 12940 et seq.**

**(Against All Defendants)**

19.    Plaintiff realleges and incorporates the previous paragraphs as though fully set forth herein.

20.    At all times herein mentioned, Government Code sections 12940 et seq. were in full force and effect and binding on Defendant. These statutes impose certain duties upon Defendant, and each of them, concerning discrimination and harassment against persons, such as Plaintiff, on the basis of his religious beliefs. Said statutes are intended to prevent the type of injury and damage set forth herein. FEHA makes it an unlawful employment practice for an employer to discharge any individual "because of a conflict between the person's religious belief or observance and any employment requirement," unless it has adequately explored reasonable accommodations for the individual's religious belief. (Gov. Code. § 12940 et. seq;) FEHA defines an "employer" as a person "regularly employing five or more persons." (Id.)

21.    At all times herein mentioned, Defendant was an employer covered under FEHA because it employed five (5) or more employees during Plaintiff's employment.

22.    There are three elements to a prima facie case under section 12940, subdivision (l): (1) the employee sincerely held a religious belief; (2) the employer was aware of that belief; and (3) the belief conflicted with an employment requirement. *(Friedman v. Southern Cal. Permanente Medical Group*, (2002) 102 Cal.App.4th 45).

23.    At all times herein mentioned, Plaintiff held a sincere religious belief that receiving the COVID-19 vaccine would go against his deeply held religious convictions.

24.    At all relevant times herein, Defendant was aware of Plaintiff's sincerely held belief.

25.    By imposing an ultimatum on its employees to get the COVID-19 vaccine, Defendant caused Plaintiff's sincerely held belief to be in conflict with a requirement of his employment.

/-/-/

COMPLAINT FOR DAMAGES

26.     Defendant intentionally retaliated against Plaintiff as a result of his sincerely religious belief in that Defendant arbitrarily terminated Plaintiff on or around November 19, 2021 because he violated a company policy despite submitting religious exemption as requested.

27.     At all times relevant, Plaintiff was able to perform his essential job duties with a reasonable accommodation for his religious belief.

28.     Plaintiff alleges that this termination was the substantial motivating reason of Defendant's discrimination on the basis of his religious beliefs because Defendant explicitly told him that it was terminating him for refusing to receive a COVID-19 vaccine, despite the fact that Plaintiff provided Defendant with documentation of his religious exemption to receiving the vaccine.

29.     As a direct result of this disability discrimination under the FEHA, Plaintiff has sustained, and will continue to sustain for a period of time, compensatory damages, including, but not limited to, a loss of income and lost future earning capacity, all to his damage in an amount according to proof.

30.     As a further direct result of this discrimination under the FEHA, Plaintiff has sustained, and will continue to sustain for a period of time, severe physical and emotional distress, pain and suffering, all to his damage in an amount according to proof. Pursuant to Government Code section 12965(b), Plaintiff requests an award of attorneys' fees in this action.

## SECOND CAUSE OF ACTION

### Retaliation in Violation of Government Code § 12940(h)

### (Plaintiff against All Defendants)

31.     Plaintiff realleges and incorporates by reference the preceding paragraphs of this complaint as fully set forth herein.

32.     At all times herein mentioned, Government Code section 12940, subdivision (h) was in full force and effect. This statute makes it unlawful for an employer doing business in the State of California to retaliate against an employee based on religious creed.

33.     Government Code section 12940, subdivision (h) provides, "*It shall be an unlawful employment practice*, unless based upon a bona fide occupational qualification, or,

except where based upon applicable security regulations established by the United State or the State of California: For any employer, labor organization, employment agency, or person to *discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this part* or because the person has filed a complaint, testified, or assisted in any proceeding under this part." (Emphasis added.)

34.    Plaintiff is informed and reasonably believes that Defendant knowingly and/or intentionally subjected Plaintiff to retaliation as a result of engaging in activities that are protected under the laws of the State of California.

35.    Defendant intentionally and unlawfully retaliated against Plaintiff by failing to make any reasonable accommodation to Plaintiff's religious beliefs, and ultimately terminating Plaintiff's employment as a result of Plaintiff's religion.

36.    As a direct result of this unlawful retaliation under Labor Code section 1102.5, Plaintiff sustained, and will continue to sustain for a period of time, compensatory damages, including, but not limited to, loss of income and lost future earning capacity, all to their damage in amount according to proof.

37.    As a further direct result of this unlawful retaliation under Labor Code section 1102.5, Plaintiff sustained and continues to sustain, non-economic damages and emotional distress, including but not limited to, loss of sleep, anxiety, tension, depression and special damages within the jurisdictional limits of this Court.

38.    The acts and conduct of Defendant, and each of them, constituted "malice," "oppression" and/or "fraud" (as those terms are defined in Civil Code section 3294, subdivision (c), in that it was intended by Defendant, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried on by Defendants, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

39.    The acts of Defendant, and each of them, were done fraudulently, maliciously, and oppressively and with the advance knowledge, conscious disregard, authorization, or ratification within the meaning of Civil Code section 3294 on the part of the Defendants' officers, directors, or managing agents of the corporation.  The actions and conduct of Defendant, and each of them,

were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts known to Defendant, and each of them, with the intention of the Defendants' part to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

40.    Plaintiff seeks a civil penalty of up to ten-thousand dollars ($10,000.00) pursuant to Labor Code section 1102.5, subdivision (f) for Defendant's violation of Labor Code section 1102.5, subdivision (b).

41.    Additionally, Plaintiff seeks compensatory damages, interest, reasonable attorneys' fees and costs, pursuant to the Labor Code.

### THIRD CAUSE OF ACTION

**Failure to Prevent Discrimination and Harassment**

**in Violation of Government Code § 12940(k)**

**(Plaintiff against All Defendants)**

42.    As a separate and distinct cause of action, Plaintiff complains and realleges all of the allegations contained in this complaint and incorporates them by reference into this cause of action as though fully set forth herein.

43.    At all times herein mentioned, Government Code section 12940, subdivision (k) was in full force and effect.  This statute, in pertinent part, makes it an unlawful employment practice in the State of California for an employer to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring in the workplace. Subdivision (j)(1) of said statute prohibits coworker harassment if the employer, or its agents or supervisors, knows or should know of the unlawful conduct and fails to take immediate and appropriate corrective action.

44.    At all times herein mentioned, Plaintiff alleges that Defendant failed to take all reasonable steps to prevent harassment and discrimination based on Plaintiff's sincerely held religious beliefs in accordance with Government Code.

45.    Defendant knew that Plaintiff had a sincerely held religious belief that conflicted with Defendant's vaccination policy. Instead of taking steps to prevent unlawful harassment and

discrimination, Defendant failed to remedy the problem. Instead, Defendant issued an ultimatum to Plaintiff to either get the vaccine or be terminated, before ultimately authorizing Plaintiff's termination.

46.    Plaintiff, on information and belief, and thereon alleges, that the aforesaid conduct violated Defendant's duty under the law to prevent discrimination in the workplace.

47.    Defendant's failure to prevent disability discrimination and maintain an environment free from the discrimination was a substantial factor in causing damage and injury to Plaintiff as alleged herein.

48.    As a direct and proximate result of this failure to prevent discrimination, and harassment in the workplace under the FEHA described herein, Plaintiff sustained, and will continue to sustain for a period of time, compensatory damages, including, but not limited to, loss of income and lost future earning capacity, all to their damage in amount according to proof.

49.    As a further direct result of this failure to prevent discrimination in the workplace under the FEHA, Plaintiff sustained, and will continue to sustain for a period of time, physical, emotional, and mental distress, pain and suffering, all to their damage in an amount according to proof.

50.    The acts and conduct of Defendant, and each of them, constituted "malice," "oppression," and/or "fraud" (as those terms are defined in Civil Code section 3294, subdivision (c)), in that it was intended by Defendants, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried on by Defendant, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

51.    The acts of Defendant, and each of them, were done fraudulently, maliciously, and oppressively and with the advance knowledge, conscious disregard, authorization, or ratification within the meaning of Civil Code section 3294 on the part of the Defendant's officers, directors, or managing agents of the corporation.  The actions and conduct of Defendant, and each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts known to Defendant, and each of them, with the intent to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

COMPLAINT FOR DAMAGES

52.    Plaintiff is further entitled to compensatory damages, interest, attorneys' fees and costs of suit as provided by law.

## FOURTH CAUSE OF ACTION

### Wrongful Termination in Violation of Public Policy in Violation of Public Policy
### (Plaintiff against All Defendants)

53.    As a separate and distinct cause of action, Plaintiff complains and realleges all of the allegations contained in this complaint and incorporates them by reference into this cause of action as though fully set forth herein.

54.    At all times mentioned, the public policy of the State of California, as codified expressed and mandated under Government Code section 12940, prohibits employers from discriminating and retaliating against any individual on the basis of religious creed and belief.

55.    By the facts alleged above, Plaintiff was terminated as a result of his religious beliefs, and for engaging in protected activities, including but not limited to, seeking reasonable accommodations.

56.    As a direct result of the wrongful termination, Plaintiff has sustained, and will continue to sustain for a period of time, compensatory damages including, but not limited to, loss of income and loss of future earning capacity, all to her damage in an amount according to proof.

57.    As a further direct result of the termination, Plaintiff has sustained, and will continue to sustain for a period of time, severe physical, emotional, and mental pain, suffering, and distress, all to his general damage in an amount according to proof.

58.    The acts and conduct of Defendant, and each of them, constituted "malice," "oppression" and/or "fraud" (as those terms are defined in Civil Code section 3294, subdivision (c), in that it was intended by Defendants, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried on by Defendant, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

59.    The acts of Defendant, and each of them, were done fraudulently, maliciously, and oppressively, and with the advance knowledge, conscious disregard, authorization, or ratification within the meaning of Civil Code section 3294 on the part of the Defendant's officers, directors,

COMPLAINT FOR DAMAGES

or managing agents of the corporation. The actions and conduct of Defendant, and each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts known to Defendant, and each of them, with the intention of the Defendant's part to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof and attorneys' fees and costs.

## FIFTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

#### (Plaintiff against All Defendants)

60.    As a separate and distinct cause of action, Plaintiff complains and realleges all of the allegations contained in this complaint and incorporates them by reference into this cause of action as though fully set forth herein.

61.    Plaintiff realleges and incorporates by reference the preceding paragraphs of this complaint as if fully set forth herein.

62.    The conduct of Defendant by and through its agents and employees, as described hereinabove, was intentional, malicious, despicable, without substantial justification, unprivileged, and was of the type and variety known to create severe emotional and mental distress. Specifically, Defendant blatantly ignored Plaintiff's pleas for his sincerely held religious beliefs to be accommodated.

63.    Contributing to Plaintiff' emotional distress was the fact that he clearly articulated his sincerely held belief to Defendant and Defendant feigned consideration of his belief before summarily terminating him.

64.    Plaintiffs, in fact, sustained severe emotional and mental distress as a result of the conduct described hereinabove. Plaintiff was humiliated and embarrassed by his employer's actions, and his self-esteem and reputation suffered. As a further direct and proximate result of Defendant's breach, Plaintiff has sustained, and will continue to sustain for a period of time, physical, emotional and mental pain, suffering, and distress, all to his general damage in an amount according to proof.

/-/-/

65.    As a direct result of this intentional infliction of severe emotional and mental distress, Plaintiff has sustained, and will continue to sustain for a period of time, compensatory damages in an amount according to proof.

66.    The conduct of Defendants, in ratifying and approving the actions of its agents, employees, supervisors, and managing agents, including but not limited to, Ms. Hanson, in, among other things, ridiculing Mr. Rains for his sincerely held religious beliefs, were intentional, malicious, and oppressive, and were designed to, and did, injure Plaintiff in his health, strength, and activity. Therefore, Plaintiff is entitled to an award of punitive damages from Defendant in an amount according to proof.

## SIXTH CAUSE OF ACTION

### Negligent Hiring, Supervision, and Retention

### (Plaintiff Against Defendant Hearst Media Production Group)

67.    Plaintiff realleges and incorporates by reference all preceding paragraphs of this complaint as though fully set forth herein.

68.    An employer can be liable to a third person for negligently hiring, supervising, or retaining an unfit employee. (*Doe v. Doe v. Capital Cities* (1996) 50 Cal.App.4th 1038, 1054 (explaining, "the cornerstone of a negligent hiring theory is the risk that the employee will act in a certain way and the employee does act in that way"); (*Evan F. v. Hughson United Methodist Church* (1992) 8 Cal.App.4th 828, 836).) Liability is based upon the facts that (1) the employer knew or should have known that hiring the employee created a particular risk or hazard, and (2) that particular harm materializes. (*Doe*, *supra*, 50 Cal.App.4th at p. 1054.)

69.    At all times relevant herein Defendant had a duty to act as a reasonably prudent employer and adequately supervise its employees.

70.    Defendant breached its aforementioned duty by failing to properly train Ms. Hansen regarding accommodating religious beliefs and by ratifying the conduct of Ms. Hansen regarding the unlawful, discriminatory, and retaliatory acts against Plaintiff, and known by Defendant, by and through its agents and employees.

/-/-/

71.    Defendant's breach was the direct and proximate cause of Plaintiff's claims contained herein.

72.    As a direct and proximate result of Defendant's breach, Plaintiff suffered compensatory damages to which she is entitled to recover for in in an amount to be proven at trial.

73.    As a further direct and proximate result of Defendant's breach, Plaintiff has sustained, and will continue to sustain for a period of time, emotional and mental pain, suffering, and distress, all to her general damages in an amount according to proof. Additionally, Plaintiff seeks reasonable attorney's fees and expenses under FEHA.

### SEVENTH CAUSE OF ACTION

**Unfair Business Practices in Violation of California**

**Business and Professions Code section 17200**

**(Plaintiff against Defendant Hearst Media Production Group)**

74.    Plaintiff realleges and incorporates by reference all preceding paragraphs of this complaint as though fully set forth herein.

75.    Business and Professions Code section 17200 et seq. (also referred to herein as the "Unfair Business Practices Act" or "Unfair Competition Law") prohibits unfair competition in the form of any unlawful, unfair or fraudulent business act or practice.

76.    Business and Professions Code section 17204 allows "any person who has suffered injury in fact and has lost money or property as a result of such unfair competition" to prosecute a civil action for violation of the Unfair Competition Law.

77.    Government Code section 12940 states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

78.    During Plaintiff's employment with Defendant, Defendant was subject to California's Unfair Competition Law ("UCL"), which expressly prohibits any fraudulent, unfair,

or unlawful business act or practice. (*See* Bus. & Prof. Code section 17200, et seq.)

79.     Defendant violated the UCL by committing numerous predicate violations of the Labor Code. Specifically, Defendant wrongfully terminated Plaintiff in violation of public policy. Defendant unlawfully retaliated against Plaintiff for requesting reasonable accommodations for Plaintiff's disability or known medical conditions. Defendant failed to engage in the interactive process, and failed to furnish accurate itemized wage statements.

80.     The violations of these laws and regulations, as well as of the fundamental California public policies protecting workers, serve as unlawful predicate acts and practices for purposes of Business and Professions Code section 17200 et seq.

81.     The acts and practices described above constitute unfair, unlawful, and fraudulent Business Practices, and unfair competition, within the meaning of Business and Professions Code, section 17200 et seq.  Among other things, the acts and practices have forced Plaintiff to labor for many hours off-the-clock and without receiving the meal and rest periods and/or compensation, to which he is entitled by law.

82.     As a direct and proximate result of Defendant's violations, Plaintiff's rights under the law were violated because Plaintiff suffered monetary losses, costs and attorney's fees. Plaintiff seeks restitution in the form of unpaid wages and premium wages due for meal and rest periods, with accrued interest at the maximum legal rate, as well as special and general damages, together with injunctive relief to prohibit Defendant from violating the regulations alleged in this complaint, as well as any and all other available remedies.

83.     Business and Professions Code section 17203 provides that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition. Injunctive relief is necessary and appropriate to prevent Defendant from repeating their unlawful, unfair, and fraudulent business acts and business practices alleged above.

84.     Business and Professions Code section 17203 provides that the Court may restore to any person in interest any money or property that may have been acquired by means of such unfair competition.  Plaintiff is entitled to restitution pursuant to Business and Professions Code

section 17203 for wages and payments unlawfully withheld, including premiums for missed meal and rest periods.

85.    Business and Professions Code section 17202 provides: "Notwithstanding section 3369 of the Civil Code, specific or preventative relief may be granted to enforce a penalty, forfeiture, or penal law in a case of unfair competition."  Plaintiff is entitled to enforce all applicable penalty provisions of the Labor Code pursuant to Business and Professions Code section 17202.

86.    Plaintiff seeks and is entitled to restitution, civil penalties, declaratory and injunctive relief, and all other equitable remedies owed to him.

87.    Plaintiff has incurred costs and attorney's fees in bringing this action and seeks to recover those costs under sections 226 subdivision (e), 218.5, 1194 of the Labor Code, and section 12965 subdivision (b) of the Government Code.

## PRAYER FOR RELIEF

**WHEREFORE, Plaintiff prays for the following relief:**

1.    For compensatory damages in an amount according to proof;

2.    For general damages in an amount according to proof;

3.    For civil penalties in the amounts of twenty-five thousand dollars ($25,000.00), and other relief pursuant to Government Code section 12965, subdivision (d)

4.    For attorney's fees and costs under FEHA, the Labor Code and as otherwise provided by law;

5.    For punitive damages in an amount according to proof pursuant to the FEHA claims;

/-/-/

/-/-/

/-/-/

/-/-/

/-/-/

/-/-/

16

COMPLAINT FOR DAMAGES

6.       For costs of the suit herein incurred; and

7.       For such other and further relief as this Court may deem proper and just.

Dated: January 23, 2023                  **MAHONEY LAW GROUP, APC**

                              By:    _____
                                     Kevin Mahoney, Esq.
                                     Berkeh Alemzadeh, Esq.
                                     Raleigh Dixon, Esq.
                                     Attorneys for Plaintiff MARK RAINS

17

COMPLAINT FOR DAMAGES

## DEMAND FOR JURY TRIAL

Plaintiff MARK RAINS hereby demands trial by jury on all issues so triable in the complaint.


Dated: January 23, 2023                    **MAHONEY LAW GROUP, APC**

By: _____

Kevin Mahoney, Esq.
Berkeh Alemzadeh, Esq.
Raleigh Dixon, Esq.
Attorneys for Plaintiff MARK RAINS

COMPLAINT FOR DAMAGES

# EXHIBIT A

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Mark Rains                                              DFEH No. 202206-17333717

Complainant,

vs.

Hearst Media Production Group, LLC
300 WEST 57TH STREET, 40TH FL
NEW YORK, NY 10019

Respondents

_____

**1.** Respondent **Hearst Media Production Group, LLC** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2.** Complainant **Mark Rains**, resides in the City of , State of .

**3.** Complainant alleges that on or about **November 19, 2021**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's religious creed - includes dress and grooming practices and as a result of the discrimination was terminated.

**Complainant experienced retaliation** because complainant requested or used a religious accommodation and as a result was terminated.

**Additional Complaint Details:**

-1-

*Complaint – DFEH No. 202206-17333717*

Date Filed: June 17, 2022

Form DFEH-ENF 80 RS (Revised 02/22)

VERIFICATION

I, **Tayler Pattillo**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.  The matters alleged are based on information and belief, which I believe to be true.

On June 17, 2022, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Long Beach, CA**

-2-
*Complaint – DFEH No. 202206-17333717*

Date Filed: June 17, 2022

Form DFEH-ENF 80 RS (Revised 02/22)

# EXHIBIT 4

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Burbank Courthouse<br>300 East Olive Avenue, Rm 225, Burbank, CA 91502 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>01/23/2023<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ D. Camacho _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>23BBCV00147 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | John J. Kralik | B | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

David W. Slayton, Executive Officer / Clerk of Court

on 01/24/2023
   (Date)

By D. Camacho _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

# EXHIBIT 5

Electronically FILED by Superior Court of California, County of Los Angeles on 01/30/2023 04:59 PM David W. Slayton, Executive Officer/Clerk of Court, by D. Camacho,Deputy Clerk

**POS-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: <br> Mahoney Law Group, APC <br> Kevin Mahoney, Esq. SBN: 235367 <br> 249 E. Ocean Blvd., Suite 814 <br> Long Beach, CA 90802 <br>   TELEPHONE NO: 562-590-5550     FAX NO *(Optional)*: <br> ATTORNEY FOR *(Name)*: Plaintiff | FOR COURT USE ONLY |
|---|---|

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles |
|---|
|   STREET ADDRESS: 300 E. Olive |
|   MAILING ADDRESS: |
| CITY AND ZIP CODE: Burbank, 91502 |
|   BRANCH NAME: Los Angeles County Superior Court - Burbank Courthouse |

| PLAINTIFF / PETITIONER: Mark Rains | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT: Hearst Media Production Group, LLC, et al. | 23BBCV00147 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: <br> 8279785 |
|---|---|

*(Separate proof of service is required for each party served.)*

1.  At the time of service I was at least 18 years of age and not a party to this action.
2.  I served copies of:
    a.  [X] Summons
    b.  [X] Complaint
    c.  [X] Alternative Dispute Resolution (ADR) Package
    d.  [X] Civil Case Cover Sheet *(served in complex cases only)*
    e.  [ ] Cross-Complaint
    f.  [X] Other *(specify documents)*: Civil Case Cover Sheet Addendum and Statement of Location; Notice of Case Assignment – Unlimited Civil Case; First Amended General Order Re Mandatory Electronic Filing for Civil; Voluntary Efficient Litigation Stipulations
3.  a.  Party served *(specify name of party as shown on documents served)*:
        Hearst Media Production Group, LLC
    b.  [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
        Diana Ruiz, Intake Specialist for CT Corporation System – Agent for Service
4.  Address where the party was served:
    330 N. Brand Blvd., Ste. 700, Glendale, CA 91203
5.  I served the party *(check proper box)*
    a.  [X] by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: Wed, Jan 25 2023   (2) at *(time)*: 10:32 AM
    b.  [ ] by substituted service. On *(date)*:   at *(time)*:   I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

        (1) [ ] (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
        (2) [ ] (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
        (3) [ ] (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
        (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:   from *(city)*:   or [ ] a declaration of mailing is attached.
        (5) [ ] I attach a declaration of diligence stating actions taken first to attempt personal service.

| PLAINTIFF / PETITIONER:  Mark Rains | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT:  Hearst Media Production Group, LLC, et al. | 23BBCV00147 |

5.   c.   [ ]   **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,
  (1)   on *(date):*                                      (2)   from *(city):*
  (3)   [ ]   with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)
  (4)   [ ]   to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)
  d.   [ ]   **by other means** *(specify means of service and authorizing code section):*

  [ ]   Additional page describing service is attached.

6.   The "Notice to the Person Served" (on the summons) was completed as follows:
  a.   [ ]   as an individual defendant.
  b.   [ ]   as the person sued under the fictitious name of *(specify):*
  c.   [ ]   as occupant.
  d.   [X]   On behalf of *(specify):*   Hearst Media Production Group, LLC
        under the following Code of Civil Procedure section:

  [ ]   416.10 (corporation)                          [ ]   415.95 (business organization, form unknown)
  [ ]   416.20 (defunct corporation)                  [ ]   416.60 (minor)
  [ ]   416.30 (joint stock company/association)      [ ]   416.70 (ward or conservatee)
  [X]   416.40 (association or partnership)           [ ]   416.90 (authorized person)
  [ ]   416.50 (public entity)                        [ ]   415.46 (occupant)
  [ ]   other:

7.   **Person who served papers**
  a.   Name:                  Paul Rath
  b.   Address:               4651 Brookhollow Cir. Ste. C, Riverside, CA 92509
  c.   Telephone number:      951-353-8281
  d.   The fee for service was:   $106.75
  e.   I am:
    (1)   [ ]   not a registered California process server.
    (2)   [ ]   exempt from registration under Business and Professions Code section 22350(b).
    (3)   [X]   a registered California process server:
        (i)   [ ] owner   [X] employee   [ ] independent contractor
        (ii)   Registration No:   PS-001942
        (iii)   County:   Riverside

8.   [X]   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
        **or**
9.   [ ]   I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date:   01/26/2023

Paul Rath
_____
(NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)

_____
(SIGNATURE)

EXHIBIT 6

Electronically FILED by Superior Court of California, County of Los Angeles on 02/24/2023 11:15 AM David W. Slayton, Executive Officer/Clerk of Court, by N. Le,Deputy Clerk

Karen Luh (SBN 243256)
**JACKSON LEWIS P.C.**
725 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5408
Telephone:    (213) 689-0404
Facsimile:    (213) 689-0430
Karen.Luh@jacksonlewis.com

Attorneys for Defendant
HEARST MEDIA PRODUCTION GROUP, LLC

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| MARK RAINS,<br><br>            Plaintiff,<br><br>        vs.<br><br>HEARST MEDIA PRODUCTION GROUP, LLC, and DOES 1 through 50, inclusive,<br><br>            Defendants. | **CASE NO.:  23BBCV00147**<br><br>*[Assigned for all purposes to the Honorable Frank Tavelman, Dept A*]<br><br>**DEFENDANT HEARST MEDIA PRODUCTION GROUP, LLC'S ANSWER TO COMPLAINT**<br><br>Complaint Filed:      January 23, 2023 |

TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

Defendant HEARST MEDIA PRODUCTION GROUP, LLC ("Defendant") hereby responds to the unverified Complaint ("Complaint") filed by Plaintiff MARK RAINS ("Plaintiff") as follows:

## **GENERAL DENIAL**

Pursuant to the California Code of Civil Procedure section 431.30(d), Defendant denies generally and specifically each and every allegation contained in the Complaint and denies that Plaintiff has suffered any injury or been damaged in any sum whatsoever.

## **AFFIRMATIVE DEFENSES**

As separate and distinct affirmative defenses to Plaintiff's Complaint and the causes of action alleged therein, and to each of them, Defendant alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

1.     Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendant upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Health or Safety Risk)

2.     Any act on the part of this Defendant, if any, was not discriminatory because, even with reasonable accommodations, Plaintiff would have been unable to perform at least one essential job duty without endangering his health or safety or the health and safety of others.

## THIRD AFFIRMATIVE DEFENSE

### (Undue Hardship)

3.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred to the extent that accommodating Plaintiff's disability, if any, would create an undue hardship to the operation of Defendant's business.

## FOURTH AFFIRMATIVE DEFENSE

### (No Protected Activity)

4.     Any recovery on Plaintiff's cause of action for wrongful termination in violation of public policy is barred because Plaintiff did not engage in any protected activity, and there is no nexus between any purportedly protected activity and Plaintiff's separation.

## FIFTH AFFIRMATIVE DEFENSE

### (Workers' Compensation Preemption)

5.     To the extent Plaintiff's Complaint, or any purported cause of action therein, alleges emotional or physical injury, this Court lacks jurisdiction, and any recovery is barred by the exclusive remedy provisions of the California Workers' Compensation Act, Labor Code section 3200, *et seq.*

## SIXTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

6.     Plaintiff's claims are barred in whole or in part by the applicable statute of limitations, including but not limited to California Code of Civil Procedure sections 337, 339, 340, 335.1 and

California Government Code sections 12940, 12960, and 12965.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

7.    Upon information and belief, Plaintiff is barred from recovering any damages, or any recovery must be reduced, by virtue of Plaintiff's failure to exercise reasonable diligence to mitigate his alleged damages.

## EIGHTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

8.    Plaintiff's recovery in this action is subject to limitation by the doctrine of after-acquired evidence.

## NINTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

9.    Although Defendant denies that it has committed or has responsibility for any act that could support the recovery of damages in this lawsuit, to the extent Plaintiff alleges violations of the California Fair Housing and Employment Act, which Defendant denies, Plaintiff is barred from recovering any damages under the avoidable consequences doctrine.  Defendant took reasonable steps to prevent workplace discrimination, harassment, and retaliation, Plaintiff's allegations of discrimination and retaliation are barred and/or any recovery of damages is precluded because Plaintiff unreasonably failed to take advantage of available preventive or corrective opportunities or to avoid harm otherwise.  *State Dept. of Health Servs. v. Superior Court of Sacramento County (McGinnis)* (2000) 31 Cal.4th 1026.

## TENTH AFFIRMATIVE DEFENSE

### (Exercise of Reasonable Care)

10.    Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Defendant exercised reasonable care to prevent and correct promptly any allegedly discriminatory or retaliatory behavior.

/ / /

### ELEVENTH AFFIRMATIVE DEFENSE

### (Mixed Motive)

11.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because, assuming *arguendo* that discriminatory or retaliatory reasons had been a motivating factor in any employment decisions toward Plaintiff, the Company would have made the same employment decisions toward Plaintiff in any case for legitimate, non-discriminatory or non-retaliatory business reasons.

### TWELFTH AFFIRMATIVE DEFENSE

### (Employer's Obligations Performed, Satisfied, and/or Discharged)

12.     The Complaint and each alleged cause of action is barred in whole or in part because any obligation by the employer to pay compensation, which Plaintiff claims is owed to him, has been fully performed, satisfied and/or discharged.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Privileged, Good Faith, and Justified Conduct)

13.     Any recovery on Plaintiff's unverified Complaint is barred because Defendant's conduct was privileged or justified under California law and for valid business reasons.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (At-Will Employment)

14.     Plaintiff's term of employment was for an unspecified duration and therefore terminable at will, with or without cause, pursuant to Labor Code section 2922.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

15.     Plaintiff's unverified Complaint and each alleged cause of action are barred in whole or in part because Plaintiff has failed to exhaust mandatory administrative remedies, including but not limited to those under California Fair Employment and Housing Act, Government Code section 12900 *et seq.*

/ / /

## SIXTEENTH AFFIRMATIVE DEFENSE

### (No Malice, Oppression, or Fraud)

16.    Plaintiff's claims for punitive damages are barred under California Civil Code sections 3294 and 3295 in that Plaintiff has failed to raise sufficient allegations of malice, oppression, or fraud. Defendant acted in good faith at all times relevant herein.  No acts attributed to Defendant were taken with oppression, willfulness, or malice.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Equitable Doctrines)

17.    Any recovery on Plaintiff's unverified Complaint, or any purported cause of action alleged therein, is barred under the equitable doctrines of laches, consent, waiver, estoppel and unclean hands.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

18.    Any recovery on Plaintiff's unverified Complaint, or any purported cause of action alleged therein, is barred in whole or in part by Plaintiff's own contributory and/or comparative fault.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Attorneys' Fees and Costs)

19.    Defendant has engaged attorneys to represent it in defense of Plaintiff's frivolous, unfounded and unreasonable action, and Defendant is thereby entitled to an award of reasonable attorneys' fees and costs pursuant to Government Code section 12965 and California Code of Civil Procedure section 128.7 upon judgment in its favor.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Attorneys' Fees and Costs)

20.    Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Defendant is entitled to an offset for any monies Plaintiff received from any source after Plaintiff ceased to be employed by Defendant under the doctrine prohibiting double recovery set forth by *Witt v. Jackson* (1961) 57 Cal.2d 57 and its progeny.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Managerial Immunity)

21.   Any injuries Plaintiff allegedly sustained as a result of any action by a management employee of Defendant are barred by the doctrine of managerial immunity.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

### (No Fundamental Public Policy)

22.   Any recovery on Plaintiff's cause of action for violation of public policy is barred because the acts complained of within Plaintiff's Complaint do not trigger any fundamental public policy that was based on some statute or constitutional protection, well established at the time of Plaintiff's employment, and inuring to the benefit of the public as a whole rather than Plaintiff.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Legitimate Business Justification)

23.   Any and all conduct which Plaintiff complains is attributable to Defendant was a just and proper exercise of Defendant's discretion, and was undertaken for fair, honest and legitimate business-related reasons and regulated by good faith and probable cause under the circumstances existing at all times mentioned in Plaintiff's Complaint.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (No Violation of Public Policy)

24.   Plaintiff's claims are personal in nature, they do not inure to the benefit of the public as a whole and Defendant's actions were not in violation of public policy.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (No Notice)

25.   Defendant did not know or have reason to know of any alleged unlawful conduct.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Comparative Liability)

26.   Any recovery on Plaintiff's Complaint, or any alleged cause of action therein, is barred because the incidents and damages alleged by Plaintiff were either wholly or in part, negligently or otherwise, caused by persons, firms or entities other than Defendant, and such fact eliminates or

comparatively reduces the percentage of liability, if any, of Defendant.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Conduct Not Adopted, Ratified or Condoned)

27.     Defendant was unaware of, and did not authorize, direct, participate in, or ratify any alleged wrongful conduct.  Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Defendant did not authorize, aid, abet, counsel or encourage any such alleged conduct.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Perform Responsibilities)

28.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred by Plaintiff's failure to satisfactorily perform his job responsibilities and otherwise conduct himself in accordance with the standards and policies of his employer.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Indemnity)

29.     Defendant alleges that if it should be established that Defendant is in any manner legally responsible for Plaintiff's alleged damages, which is denied, Defendant is entitled to indemnity and/or contribution from other persons, firms and corporations in direct proportion to the negligence or other actionable conduct which proximately caused or contributed to the alleged damages, if any.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Punitive Damages Unconstitutional)

30.     Although Defendant denies it has committed or has responsibility for any act that could support the recovery of damages, including punitive damages, to the extent any such act is found, recovery of damages against Defendant is unconstitutional under numerous provisions of the United States Constitution including the Excessive Fines Clause of the Eight Amendment and the Due Process clauses of the Fifth Amendment, as well as numerous provisions of the California Constitution including the Excessive Fines Clause of Section 17 of Article I, the Due Process Clause of Section 7 of Article I, and the Self-Incrimination Clause of Section 15 of Article I.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Set-Off)

31.     Defendant is entitled to a set-off for amounts Plaintiff owes Defendant for receipt of any compensation and other benefits to which he was not entitled and/or did not earn.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Joint Liability)

32.     The liability of Defendant, if any, for the non-economic damages claimed by Plaintiff is limited by Civil Code section 1431.1, *et seq*.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Business Necessity)

33.     Any act on the part of this Defendant, if any, was lawful because it was necessary to its business, and to operate the business safely and efficiently.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (No Fitness for Duty Statement)

34.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred by Plaintiff's failure to provide a written statement from his health care provider that he was fit to return to work.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (No Equitable or Injunctive Relief)

35.     Plaintiff is not entitled to any equitable or injunctive relief as prayed for in the Complaint because Plaintiff has suffered no irreparable injury based on any alleged conduct of Defendant and Plaintiff has an adequate remedy at law for any such conduct.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Punitive Damages)

36.     Plaintiff is barred from the recovery of punitive damages because the conduct alleged in the Complaint was not engaged in by any managing agents of Defendant.

1

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

2

**(No Health-Care Provider Certification)**

3      37.      Any recovery on Plaintiff's Complaint is barred because Plaintiff failed to provide

4 Defendant and/or his actual employer with a health-care provider's certification.

5

**ADDITIONAL AFFIRMATIVE DEFENSES**

6      Because the Complaint is couched in conclusory terms and Defendant does not presently know all

7 facts regarding the conduct of Plaintiff sufficient to state all affirmative defenses at this time, Defendant

8 cannot fully anticipate all defenses that may be applicable to this action.  Accordingly, the right to assert

9 additional defenses, if and to the extent that such defenses are applicable, is hereby reserved.

10      WHEREFORE, Defendant prays for judgment as follows:

11      1.      That Plaintiff take nothing herein;

12      2.      That judgment be entered in favor of Defendant and against Plaintiff;

13      3.      For costs of suit herein incurred;

14      4.      For reasonable attorneys' fees and sanctions according to proof; and

15      5.      For such other and further relief as the Court may deem just and proper.

16

17 DATED:  February 24, 2023              JACKSON LEWIS P.C.

18

19

20                      By:    _____

21                             Karen Luh

22                             Attorneys for Defendant
                               HEARST MEDIA PRODUCTION GROUP, LLC

23

24

25

26

27

28

9

ANSWER TO COMPLAINT

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

**CASE NAME:        MARK RAINS V. HEARST MEDIA PRODUCTION GROUP, LLC**

**CASE NUMBER:    23BBCV00147**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 725 South Figueroa Street, Suite 2500, Los Angeles, California 90017.

On **February 24, 2023**, I served the foregoing document described as:

**DEFENDANT HEARST MEDIA PRODUCTION GROUP, LLC'S ANSWER TO COMPLAINT**

in this action by placing a true copy thereof addressed as follows:

| | |
|---|---|
| Kevin Mahoney<br>Raleigh Dixon<br>MAHONEY LAW GROUP, APC<br>249 East Ocean Boulevard, Suite 814<br>Long Beach, CA 90802 | Attorneys for Plaintiff<br><br>Email:<br>kmahoney@mahoney-law.net<br>rdixon@mahoney-law.net |

**[XX]   BY MAIL**

**[XX]**  As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**[XX]   BY E-MAIL OR ELECTRONIC TRANSMISSION**

Based on a Court order or on an agreement by the parties to accept service by e-mail or electronic transmission, I caused the document(s) described above to be sent from e-mail address Pamela.Trujillo@jacksonlewis.com to the persons at the e-mail address listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**[XX]   STATE**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **February 24, 2023,** at Los Angeles, California.

*PAMELA TRUJILLO*
Pamela Trujillo

4864-8281-4802, v. 1